UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN WEESE, et al.,

    Plaintiffs,

v.                                            Hon. Robert J. Jonker

RHP PROPERTIES, et al.,                Case No. 1:22-cv-1168

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiffs Dan Weese and Cheryl Sult-Weese have sued RHP Properties and all of its subsidiaries,[1] Unknown Part(y)(ies) #1, named as all lawyers for RHP Properties and subsidiaries, and Unknown Part(y)(ies) #2, named as RHP Properties d/b/a Colonial Acres, alleging violations of their rights under the United States Constitution. Their claims appear to arise out of an eviction proceeding. Having granted Plaintiffs' motion to proceed as paupers (ECF Nos. 10 and 12), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I conclude that Plaintiff's complaint must be dismissed because it fails to state a federal claim upon which relief may be granted.

**I. Background**

Plaintiffs' factual allegations are sparse and somewhat difficult to comprehend. Nonetheless, it appears that Plaintiffs resided at a manufactured home community in Kalamazoo,

---

[1] Plaintiffs refer to "all subizes" in their complaint (ECF No. 1 at PageID.1, which I interpret to mean "all subsidiaries."

Michigan, known as Colonial Acres, and that Defendant RHP Properties owned and/or managed Colonial Acres. Plaintiffs allege that they are disabled in some respect and that Defendants were aware of this status. However, Defendants evicted Plaintiffs without cause based on Plaintiff's unspecified statements, or "expression of feelings." (*Id.* at PageID.2.) Plaintiffs allege that although Defendants accused them of a crime, no charges were filed against them, and no civil commitment proceeding was initiated. (*Id.* at PageID.2–3.)

Plaintiffs state that they bring this action for violations of "all of the amendments and public laws without cause" (*id.* at PageID.2), and specifically allege that Defendants violated their rights under the First, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. They also cite 42 U.S.C. Chapter 21. Finally, they seek damages of $800 million, along with all taxes, fees, and court costs. (*Id.* at PageID.5.)

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiffs are proceeding pro se, the Court must construe their pleading more liberally than is usually the case for formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law.[2] *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). First, with regard to Defendant RHP Properties, Plaintiffs allege no fact suggesting that RHP is a state actor under any theory recognized by the Supreme Court. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (describing: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test). Thus, Plaintiffs fail to allege facts establishing a necessary element of a claim under Section 1983. Second, apart from the fact that Plaintiffs simply sue "all lawyers for RHP Properties" without identifying any individual lawyer who personally participated in the alleged violations, their claims against the lawyers fail because it is well established that private attorneys are not state actors for purposes of constitutional claims under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Geiling v. Wirt Fin. Servs., Inc.*, No. 14-11027, 2014

---

[2] Although Plaintiffs do not reference 42 U.S.C. § 1983 in their complaint, it is well established that an individual cannot sue a state actor directly under the constitution for a violation of constitutional rights, but instead must proceed under Section 1983. *See Butz v. Economou*, 438 U.S. 478, 526 (1978) (noting that "the Court has not held that the Constitution itself creates a private right of action for damages except when federal law enforcement officials arrest someone and search his premises in violation of the Fourth Amendment"); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("Title 42 U.S.C. § 1983 provides a cause of action against 'every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"). Moreover, the Sixth Circuit has observed that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). The *Thomas* court held that Section 1983 provided the exclusive remedy for constitutional claims brought against state and local officials and units of government. *Id.* at 499; *see also Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations." (citing *Thomas*, 818 F.2d at 503)); *Sanders v. Prentice-Hall Corp. Sys., Inc.*, No. 97-6138, 1999 WL 115517, at *1 n.2 (6th Cir. Feb. 8, 1999) ("This circuit has held that constitutional violations by state officials are not cognizable directly under the constitution (or by virtue of general federal question jurisdiction) because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations.").

WL 8473822, at *68 (E.D. Mich. Dec. 31, 2014), *report and recommendation adopted in part and rejected in part*, 2015 WL 1529866 (E.D. Mich. Mar. 31, 2015) (stating that "attorneys do not become state actors either by virtue of their position or by using court procedures, such as subpoenaing evidence"). The Sixth Circuit recently noted that this principle holds true even when private-sector attorneys represent government entities. *Blackwell v. Allen*, No. 22-1300, 2022 WL 17832191, at *6 (6th Cir. Dec. 21, 2022) ("A private-sector attorney does not automatically become a state actor just by representing a government entity."). Here, of course, nothing in the complaint suggests that RHP Properties is anything more than a private company.

Finally, Plaintiffs' reference to 42 U.S.C. Chapter 21 does not save their complaint from dismissal. As one judge in this district has observed, "[t]his chapter includes numerous civil rights statutes." *York v. Forest View Psychiatric Hosp.*, No. 1:10-cv-28, 2011 WL 1792301, at *3 (W.D. Mich. Apr. 19, 2011), *report and recommendation adopted*, 2011 WL 1790134 (W.D. Mich. May 11, 2011). As in *York*, dismissal is proper because Plaintiffs have not identified a statutory basis for a claim. *Id.* at *4. Although Plaintiffs make reference to the Americans with Disabilities Act and reference an eviction, they have not pled sufficient facts to state a claim under that statute or the Fair Housing Act. Moreover, as noted above, the Court is not tasked with the obligation to conjure up claims for pro se plaintiffs. Given Plaintiffs' failure to allege facts and to sufficiently articulate the legal basis for their claim (apart from the alleged constitutional violations already discussed), the complaint is subject to dismissal for failure to state a claim.

### III.  Conclusion

For the foregoing reasons, I recommend that Plaintiffs' complaint be **dismissed** for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: January 5, 2023

/s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation (including any argument that leave to amend should be granted) must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).